Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

### for the

Southern District of Georgia

Augusta Division

Jasmine Bianca McKenzie

Case No. **CV120- 157**

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)*  ✔ Yes  ☐ No

-v-

Southern Nuclear Operating Company

See Attached for Defendants of Individual Capacity

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.  The Parties to This Complaint

#### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jasmine Bianca McKenzie |
| Street Address | 5012 Sunderlund Ct |
| City and County | Grovetown; Columbia |
| State and Zip Code | GA 30813 |
| Telephone Number | 334.796.9407 |
| E-mail Address | jasminebmckenzie@gmail.com |

#### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Southern Nuclear Operating Company |
| Job or Title *(if known)* | |
| Street Address | 40 Iverness Center Pkwy |
| City and County | Birmingham; Jefferson |
| State and Zip Code | AL 35242 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Jessica Ronee Richardson |
| Job or Title *(if known)* | Maintenance Support Manager |
| Street Address | 2130 Broker Rd |
| City and County | Lapeer; Lapeer |
| State and Zip Code | MI 48446 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Rosalind Michele Henson |
| Job or Title *(if known)* | Planning Supervisor |
| Street Address | 493 Knob Hill Ct W |
| City and County | Evans; Columbia |
| State and Zip Code | GA 30809 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | See Attached for Defendants No. 4-10 |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C.   Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Alvin W. Vogtle Electric Generating Plant |
| Street Address | 7821 River Rd |
| City and County | Waynesboro: Burke |
| State and Zip Code | GA 30830 |
| Telephone Number | (706) 554-9961 |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

   *(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

   *(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   *(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Other federal law *(specify the federal law)*:

☐  Relevant state law *(specify, if known)*:

☐  Relevant city or county law *(specify, if known)*:

### III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☐   Termination of my employment.

☑   Failure to promote me.

☐   Failure to accommodate my disability.

☐   Unequal terms and conditions of my employment.

☑   Retaliation.

☑   Other acts *(specify)*:   Due process rights violated

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

Includes several incidents that occured on or around Oct 15 2016 through on or around January 2020

C.   I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me.

☑   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑   race

☐   color

☑   gender/sex

☐   religion

☐   national origin

☐   age *(year of birth)*                    *(only when asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*

E.   The facts of my case are as follows. Attach additional pages if needed.

See Attached

_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
06/02/2020

_____

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*   08/17/2020                  .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attached

---

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      11/04/2020

Signature of Plaintiff      _JBMcKen_

Printed Name of Plaintiff      _Jasmine Bianca McKenzie_

### B.   For Attorneys

Date of signing:      _____

Signature of Attorney      _____

Printed Name of Attorney      _____

Bar Number      _____

Name of Law Firm      _____

Street Address      _____

State and Zip Code      _____

Telephone Number      _____

E-mail Address      _____

# Additional Defendants in Individual Capacity

Jessica Ronee Richarson

Rosalind Michele Henson

Bradley David Padgett Sr.

Travis Dean Kessie

Stephen Martin Royal

Erin Ruff Zeigler

Antoni Dwyane Aiken

James March

Daniel Flood

## B. The Defendant(s) Cont'd      [Sheet 1 of 3]

Defendant No. 4

Name:      Bradley David Padgett Sr
Job or Title (if known):      Planning Supervisor
Street Address:      900 Windmill Pkwy
City and County:      Evans; Columbia
State and Zip Code:      GA 30809
Telephone Number:
E-mail Address (if known):


Defendant No. 5

Name:      Travis Dean Kessie
Job or Title (if known):      Planning Supervisor
Street Address:      935 Ellis Ln
City and County:      Evans; Columbia
State and Zip Code:      GA 30809
Telephone Number:
E-mail Address (if known):


Defendant No. 6

Name:      Stephen Martin Royal
Job or Title (if known):      Planning Supervisor
Street Address:      1016 Old Perkins Rd     #TB18
City and County:      Millen; Jenkins
State and Zip Code:      GA 30442
Telephone Number:
E-mail Address (if known):

# B. The Defendant(s) Cont'd      [Sheet 2 of 3]

Defendant No. 7

Name:      Erin Ruff Ziegler
Job or Title (if known):      Employee Concerns Liaison
Street Address:      502 Heil Dr
City and County:      North Augusta; Aiken
State and Zip Code:      SC 29841
Telephone Number:
E-mail Address (if known):


Defendant No. 8

Name:      Antoni Dwyane Aiken
Job or Title (if known):      Maintenance Director
Street Address:      610 Baldwin Pl
City and County:      Grovetown; Columbia
State and Zip Code:      GA 30813
Telephone Number:
E-mail Address (if known):


Defendant No. 9

Name:      James March
Job or Title (if known):      Fleet Compliance and Concerns Director
Street Address:
City and County:
State and Zip Code:
Telephone Number:
E-mail Address (if known):      jmarch@southernco.com

# B. The Defendant(s) Cont'd      [Sheet 3 of 3]

Defendant No. 10

Name:         Daniel Flood
Job or Title (if known):        Maintenance Support Manager
Street Address:          4337 Sabal Dr
City and County:         Evans ; Columbia
State and Zip Code:      GA  30809
Telephone Number:
E-mail Address (if known):

# III. Statement of Claim        (Sheet 1 of 6)

E.

1. Southern Nuclear Operating Company was given the opportunity to resolve my multitude of claims against the defendants employed by them. Southern Nuclear Operating Company failed me at every level by not enforcing their own policies regarding ethics, harassment, discrimination and retaliation therefore should be held fully accountable.

2. From October 2016 until my resignation in January 2020 I was frequently subjected to ongoing workplace harassment   by defendants Jessica Richardson, Rosalind Henson, Bradley Padgett Sr., Travis Kessie and Stephen Royal. The continuous harassment during my employment at Plant Vogtle seemed like a rite of passage to succeeding supervisors in the Maintenance Planning Department. This harassment was initially perpetrated by Jessica Richardson who later encouraged others to join her. Over time Planning Supervisors Bradley Padgett Sr. and Travis Kessie recruited Maintenance Supervisors to also be hyper critical of my work to create "data points".   On several occasions I was unnecessarily disciplined by the above defendants. The consequences of my work having errors were harsher on me than certain Caucasian male employees. I feel that the actions of these defendants unfairly caused me to be negatively rated performance wise for several years despite me being the most senior and experienced Instrumentation and Control Maintenance Planner in the Planning Work Group. This malicious and target treatment has affected me professionally and financially leading me to be overlooked for and denied promotional opportunities that someone of my background would be afforded.

3. On or around March 6, 2017 Travis Kessie informed me that I would not be allowed to use paid time off to attend an OBGYN appointment I had scheduled citing the transition to a 5 8s work week preceding the upcoming refueling outage. I explained to him that my pregnancy was considered high risk due to a genetic predisposition of my unborn child. Two older male employees were allowed to keep their appointments because Travis Kessie felt their age related ailments were more pressing. He warned that if I went to the appointment I would be reprimanded.

# III. Statement of Claim    Cont'd (Sheet 2 of 6)

4. On or around November 5, 2017 I was contacted by Bradley Padgett Sr. while I was on approved maternity leave. He told me that I would not be able to use sick time as part of my maternity leave because I was not physically ill. He then had Brooke Gurley, a representative from Medical, call to further intimidate me to return to work before the end of my previously approved maternity leave. I explained to both parties that I had used sick pay following my first caesarian I had while employed by Southern Nuclear. Bradley Padgett Sr. told me that if I remained adamant about using said paid time off that I would be disciplined which could include termination. I returned to work prior to my approved date of January 4, 2018. Several Caucasian male employees were allowed to sick time for family illness and following personal surgeries. According to Bradley Padgett Sr.'s  logic,   these individuals should not have been allowed to use sick paid time off and should have been disciplined and/or threatened with termination, however they were not.

5. During the calendar year of 2018 Bradley Padgett Sr. and Travis Kessie made in an excess of 50+ entries in a log that included the times I entered the work trailer, exit times, sick days used etc. When printed these entries totaled 9 typed pages of text. Calendar year 2018 was the sixth calendar year I worked for Southern Nuclear and I had not seen "infractions" notated as such. I stumbled across these when acknowledging my end of the year performance summary. I was not presenting these pages prior to be told to "lock in" my performance summary. I asked several of my coworkers if their summary looked similar and was told they did not have anything resembling this log attached to their performance summary. Soon after I requested a security badge report from Bradley Padgett Sr., Travis Kessie and Jessica Richardson. All said they did not have the authorization to request one on my behalf. These entries are another example of singling me out of the work group for reprimand. It was not a method deployed to the work group as a whole and in turn singularly affected me. Calendar year 2018 I was the only person to receive a poor performance rating.

6. On or around May 15, 2018 I began meeting with Maintenance Director (department head) Antoni Aiken to discuss possible mentorship. I had several meetings with Antoni Aiken over the next few months. Being that I had built a rapport with him since his position as I&C Manager, I felt comfortable to voice the issues I had been having with my supervisors. I informed Antoni Aiken of the seemingly non-stop harassment from Bradley Padgett Sr. and Travis Kessie. I also told him that I previously went to Brian Coker (Maintenance Support

# III. Statement of Claim Cont'd    (Sheet 3 of 6)

Manager) and felt like he had blew me off and that he immediately sided with my supervisors instead of acting as a mediator. Antoni Aiken assured me he would address the three supervisors I named to him. I told him that if the harassment did not stop that my next course of action would be to file an official employee concern. The harassment did not stop and I later filed an employee concern (October 2018). I feel that Antoni Aiken became morally complicit and did not perform at the full capacity as a deparment head to end my harassment. I requested that Antoni Aiken remove me from the planning group or even send me to another plant just so I could be at peace. He told me that I would have to apply for a new position just like everyone else. In July 2018 Travis Kessie was given a position that did not exist on our plant's organizational chart just so he would not seek employment outside of Southern Company. When I later asked Antoni Aiken how was this possible when I previously requested asylum he responded that he "played no part in that decision". Antoni Aiken should be held responsible for his role in allowing my harassment to continue. From May 2018 until January 2020 he never took a stand against this gross violation of company policy.

7. On or around October 15, 2018 I met with Employee Concerns Liaison Erin Zeigler to make an official report of the harassment I had been subjected to by my direct supervision. The initial interview lasted about an hour and a half during which I repeatedly asked Erin Zeigler did she need me to repeat or clarify any of my claims. She insisted that she was taking thorough notes and that the interview was being recorded for her records if she needed to revisit my claims at a later time. At the conclusion of the interview I asked Erin Zeigler could I read what she documented from the interview. She told me that I could not because I would not understand the way she took notes. I insisted and she again denied me the chance to view her notes. Since I had shared in the excess of 10 detailed incidents and spent a great deal of time with Erin Zeigler I wanted to be assured it was not in vain. She informed me that the investigation into my claims had to be completed within 30 days per procedure. When the 30 day deadline had passed I contacted Erin Zeigler several times via phone and email inquiring as to when I would have the results of the investigation. She responded that she was working on the debrief and I would hear from her soon. I however did not receive the debrief of this investigation until on or around December 12, 2018 far past the procedural guidance of 30 days. After later escalating my harassment and discrimination claims through a company wide compliance and ethics climate survey, I was informed by James March on or around January 25, 2019 that Erin

# III. Statement of Claim   Cont'd   (Sheet 4 of 6)

Zeigler had not included any of the claims that I stated in the survey. He said he found it to be troubling that I again had an interview with him lasting in excess of any hour in which I reshared details about the incidents and she had not included any of those claims in her reporting. The exchange between James March and myself was witnessed by Rachel Teo (Compliance Investigator). Erin Zeigler committed gross misconduct by willfully violating company policy regarding handling employee concerns, in particularly my complaint of discrimination and harassment.

8. On or around December 17, 2018 despite being not found at fault due to Erin Zeigler not being compliant with company policy, Bradley Padgett Sr. and Stephen Royal committed an act of retaliation against me by deleting my work qualification approximately 5 days following the debriefing of my first employee concern. Jessica Richardson served as Maintenance Support Manager and she backed this action. Bradley Padgett Sr. and Jessica Richardson among others were named in my employee concern as harassers. I questioned the defendants as to what their basis was to delete my planner qualification and was told by all three that I outpaced my peers in the number of work packages that were returned with errors. At this time I was and remained the most senior Instrumentation & Control Maintenance Planner. I was not willing to accept their reasoning and took it upon myself to run a report using a preset query located on the company's Work Management homepage that tabulated Work Order Feedback of all maintenance planners. I informed Jessica Richardson on or around February 14, 2019 of my discovery. She appeared shocked and then quickly discounted my findings. This report was and is currently used in weekly progress meetings across various departments and leadership levels at Plant Vogtle. All three defendants have prompted the planning work group to refer to this report in order to support the "Big 3" Planning Initiative. Upon reviewing the Work Order Feedback report that covered 1/01/2018 through 12/17/2018 I discovered that my coworker David Halliwell had 156 work orders with errors compared to my 89 work orders. We both authored approximately the same amount of work orders that year (~440). No disciplinary action was taken against David Halliwell regarding his poor performance and his planner qualifications were not deleted. David Halliwell is a Caucasian male. I can only conclude my planner qualifications were deleted as a result of naming my supervisors in my employee concern therefore should be considered retaliation. I had to requalify as maintenance planner in order to regain the ability to do the job I was hired to do. In the three months I was not a qualified maintenance planner I was

# III. Statement of Claim   Cont'd   (Sheet 5 of 6)

assigned administrative tasks,   I believe this action was meant to build discord between the other maintenance planners and myself. I was still receiving my normal pay of a maintenance planner. The actions of Bradley Padgett Sr., Stephen Royal and Jessica Richardson were meant to humiliate me, impugn my credibility and ability to perform to further alienate me from the work group.

9. On or around December 17, 2018 I was accused of stealing company by Bradley Padgett Sr. and Stephen Royal. The two said the basis of their claim is that I used the timesheet code "No Time Worked, No Pay". The dollar amount of this time code is $0.00. They felt I had deceived Stephen Royal along with Southern Nuclear by taking time off away from work without pay. Bradley Padgett Sr. and Stephen Royal called into question my integrity and trustworthiness. I was offended and humiliated by their claims. I had gained approval to take the days December 3rd   through December 16th   (2018) off from Stephen Royal via email on or around November 20, 2018. I was placed on Employee Discipline that would last 6 months. During this six months my status of employment would be at jeopardy if I were to violate any company policies. On or around February 14, 2019 in a conversation with Jessica Richardson regarding me being on employee discipline, she stated that I should be thankful that I still had a job. I feel that these three defendants violated my due process rights by placing me on employee discipline for using the time code "No Time Worked, No Pay". Richard (Ricky) Weis has used the same time code for the purpose of taking non-emergency leave and had not been placed on Employee Discipline. Richard (Ricky) Weis told me that he has used this time code the same as I had dating as far back as 2016 with no reprimand. Richard (Ricky) Weis is a Caucasian male.

10. James March became morally complicit in inappropriately handling my complaint of harassment and discrimination by violating procedural guidance of conducting a workplace assessment. James March insisted that the workplace assessment he and his team would conduct would be unbiased and that all facts and details of said investigation would be forwarded to company executives that would rule on the matter. However on or around May 28, 2020 on several occasions during the debriefing James March stated that he was told by "upper management" to omit certain findings from his report before it's contents were sent to executives.   He also stated that he could not "go against upper management". These actions lead to critical information being left out of his

# III. Statement of Claim   Cont'd   (Sheet 6 of 6)

summary. Information that would support my claim of workplace harassment that spanned years. This conversation was witnessed by Rachel Teo, Compliance Investigator. James March's inability to maintain a neutral position in exposing my harassers only allowed it continue. His suppression of facts whether encouraged or done on his own only mitigated the affects of the harassment and discrimination I had been subjected to while employed at Plant Vogtle.

11. Daniel Flood was aware of the targeted workplace harassment that involved Bradley Padgett Sr. and Stephen Royal against myself. As part of senior management he did nothing to stop their antics. Despite me requalifying as a Maintenance Planner, Daniel Flood allowed me to be given a poor performance rating for the calendar year 2019. He did not challenge the decision given my past issues of harassment with Bradley Padgett Sr. and Stephen Royal. Daniel Flood lacked the ability to uphold   and enforce the Southern Nuclear's ethics and harassment policies.

# V. Relief                                    (Sheet 1 of 2)

Collectively the defendants denied me a workplace free from harassment. The defendants formed assumptions around gender and racial stereotypes leading them to make decisions based on their own prejudices that affected me professionally, financially and emotionally. Over the course of three and a half years the defendants subjected me to racial and gender discrimination and workplace harassment by doing the following: denying me advancement opportunities; unnecessarily disciplining me; treating me unfavorably during and following my pregnancy; violating my due process rights amongst other things as previously stated in this complaint. During my employment at Southern Nuclear Operating Company, Caucasian males with lower seniority and experience where given opportunities to move up while my performance was unfairly scrutinized. My employee performance record has been permanently sullied. The actions of the defendants will make it near impossible for me to regain employment with Southern Company and any other utility that Plant Vogtle has formed working relationships with through benchmarking despite my educational background and prior experience in the United States Navy's Nuclear Propulsion Program. I would essentially have to throw away 13 years of experience in the nuclear power maintenance and operations field.

The above injustices violated Title VII of the Civil Acts of 1964 therefore I am seeking the following as judgement:

Max Amount allowed for punitive damages for companies with 501+ employees:
$300,000.00

Lost Wages

   - Forfeited bonus percentages due to unfair performance ratings

        Calendar year 2016:   $5,421.30
        Calendar year 2018:   $5,051.75
        Calendar year 2019:  ~$ 7,000.00*

        * This is an approximation. Since I was not an active employee at time of disbursement in March 2020 I did not receive an Employee Compensation Statement. I believe upwards of 40% was withheld.

# V. Relief                        (Sheet 2 of 2)

Back Pay

Due to poor performance ratings I was denied a cost of living adjustment for the calendar years 2019 and 2020. I am requesting a COLA of 2.0% for each year.

My last hourly rate was $46.53.

    2019     46.53 x .02 x 2080 (average work hours in a yr) = $1,935. 65

             46.53 x .02 x 208 (hrs of OT as 10% of hr worked in a yr) = 193.44

    2020     To cover 1/25/2020 through 12/31/2020 reflects COLA of 2.0 %

             48.59 x  2000 (work hours I would have received) = $97,180.00

             48.59 x 208 (hrs of OT as 10% of hr worked in a yr) = $10,106.72

Future wages

 Calculated as:

 (highest salary + highest PPP percentage I received at SNC [15.7%] + OT as 10% of hr worked in a yr) x 25 yrs*

(101,067.20  + 21,099.62 + 10,106.72) x 25 = $3,306,838.50

*Twenty-five years reflects the current age demographic of employees at Plant Vogtle and the likelihood of remaining employed there until one reaches retirement age.

Total amount of compensation requested: $3,733, 727.36

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 410-2020-05766 |

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MS. JASMINE MCKENZIE | (334) 796-9407 | 1985 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5012 SUNDERLUND CT, GROVETOWN, GA 30813 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING COMPANY | 501+ | (706) 554-9961 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7821 RIVER ROAD, WAYNESBORO, GA 30830 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-15-2016**   Latest **01-24-2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was hired by the above-named employer on April 15, 2013, as a Maintenance Planner. Since October 15, 2016, I have suffered from on-going harassment, which caused me to be rated negatively on my performance review by Jessica Richardson, Maintenance Planning Supervisor. Around February 20, 2017 and November 5, 2017, I was denied the opportunity to take time off to attend my medical appointments related to my pregnancy, when my similarly-situated male co-workers of a different race were allowed time off to attend medical appointments. Around May 15, 2018, I complained to my Maintenance Director, Tony Akin in regard to being harassed by my Supervisors, Brad Padgett and Travis Kessie regarding being harassed and being accused of excessive absences, along with being denied promotional opportunities. Around October 15, 2018, I complained to Human Resources and Employee Concerns about my on-going harassment. Around December 17, 2018, my qualifications were taken away for me. Around January 16, 2019, I received a partially meets expectations performance appraisal from Supervisors Brad Padgett and Stephen Royal based on my work quality. Around January 10, 2019, I was placed on a PIP. Around January 25, 2019, I complained to the Compliance and Ethics Department and a workplace assessment was conducted and the assessment revealed that no unfair treatment was

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Jasmine Mckenzie on 06-02-2020 03:05 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 410-2020-05766 |

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

administered to me. On March 5, 2019, I completed my PIP. On June 25, 2019, I received a below expectations on my mid-year review. Around January 22, 2020, I was informed by Supervisor, Stephen Royal that I would be receiving a below expectations rating on my performance review. On January 24, 2020, I was constructively discharged.

II. I believe that I have been discriminated against based on my race (African-American), sex (female) and in retaliation for opposing unlawful employment practices, in violation of Title VII of Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Jasmine Mckenzie on 06-02-2020 03:05 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jasmine Mckenzie<br>5012 Sunderlund Ct<br>Grovetown, GA 30813 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

| [X] | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **410-2020-05766** | **Larry E. Satterwhite, Sr.**<br>**Investigator** | **(404) 562-6855** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

| | For | 8-17-2020 |
|---|---|---|
| Enclosures(s) | **Darrell E. Graham,**<br>**District Director** | *(Date Mailed)* |

cc:
| **Stephen Kuczynski**<br>**President and CEO**<br>**SOUTHERN NUCLEAR COMPANY**<br>**40 Iverness Center Parkway**<br>**Birmingham, AL 35242** | **Brent Cobb**<br>**Southern Company Services, Inc.**<br>**600 North 18th Street**<br>**Birmingham, AL 35203** |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you** *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc: